UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GARY U.,

            Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

CASE NO. 3:19-CV-5364-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 4.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred by not providing persuasive, specific, valid reasons for discounting a 100 percent disability rating from the Veteran's Administration ("VA"). Had the ALJ properly considered this evidence, the RFC may have contained additional limitations.

Accordingly, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Social Security Commissioner ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

This case has a lengthy procedural history. On July 27, 2010, Plaintiff filed an application for disability insurance benefits, alleging a disability onset date of December 31, 2002. AR 21, 124-30, 911. Plaintiff subsequently amended his alleged onset date to August 1, 2003. AR 905. His application was denied upon initial administrative review and on reconsideration. AR 21, 55-57, 64-68, 911. A hearing was held before ALJ Verrell Dethloff on November 16, 2011. AR 38-52, 1040-54. In a decision dated January 30, 2012, ALJ Dethloff found that Plaintiff was not disabled. AR 18-33, 908-23. The Social Security Appeals Council denied Plaintiff's request for review on August 1, 2013. AR 1-5, 928-32.

Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision on October 4, 2013. AR 947. This Court issued an order affirming the ALJ's decision to deny benefits on June 24, 2014. AR 951-72. Plaintiff appealed the Court's ruling to the United States Court of Appeals for the Ninth Circuit on August 26, 2014. AR 935.

On March 24, 2017, the Court of Appeals issued an order reversing and remanding the ALJ's decision for reconsideration of a disability rating from the VA and the results of an examination conducted by Ezatolah Rezvani, M.D. AR 939-45. On October 26, 2017, the Appeals Council issued an order vacating the ALJ's decision and remanding the case for further proceedings. AR 973-76.

On January 2, 2019, ALJ M.J. Adams held a new hearing. AR 873-907. In a decision dated January 2, 2019, ALJ Adams found that Plaintiff was not disabled. AR 852-66. Plaintiff

filed a complaint in this Court seeking judicial review of the ALJ's written decision on May 2, 2019. Dkt. 1.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) failing to account for the functional impact of Plaintiff's impairments at step two; (2) failing to properly assess an examination conducted by Ezatolah Rezvani, M.D.; (3) failing to properly assess opinion evidence from nurse practitioners Dana Tell, ARNP and Betty Bennett, ARNP; (4) assigning significant weight to the opinion of Mark Suffis, M.D.; (5) improperly evaluating a disability rating decision from the VA; and (6) failing to properly evaluate Plaintiff's symptom testimony. Dkt. 12, pp. 3-16.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

**I.   Whether Plaintiff's arguments are precluded by law of the case considerations.**

As a preliminary matter, Defendant asserts that several of Plaintiff's arguments are precluded by the law of the case doctrine. Dkt. 13, pp. 3, 6-8, 10-11.

The law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case. *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016) (citations omitted). The law of the case doctrine "is concerned primarily with efficiency, and should not be applied when the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust." *Id.*

1　　　　In its 2017 remand order, the Ninth Circuit found that ALJ Dethloff did not provide valid

2　reasons for discounting the VA's disability determination and erred by not considering Dr.

3　Rezvani's evaluation. AR 941-43. The Ninth Circuit found that Plaintiff's arguments concerning

4　other errors in ALJ Dethloff's decision were unpersuasive. AR 942. The Ninth Circuit found that

5　even crediting as true Dr. Rezvani's evaluation and the VA's disability rating, the ALJ would not

6　be required to find Plaintiff disabled, and remanded the case to the agency on an open record for

7　further proceedings. *See* AR 942-43, citing *Burrell v. Colvin*, 775 F.3d 1133, 1141-42 (9th Cir.

8　2014).

9　　　　Plaintiff contends that the Ninth Circuit only provided a general statement that Plaintiff's

10　remaining arguments were unpersuasive, and did not explain its reasoning for rejecting

11　Plaintiff's other arguments. Dkt. 14, p. 3.

12　　　　The Ninth Circuit was clear that it found error in ALJ Dethloff's evaluation of Dr.

13　Rezvani's evaluation and the disability rating from the VA, but that Plaintiff's allegations

14　concerning other errors in the ALJ's decision were unpersuasive. The fact that the Ninth Circuit

15　did not provide a more detailed explanation for discounting Plaintiff's other contentions does not

16　prevent this Court from applying the law of the case doctrine with respect to the Ninth Circuit's

17　evaluation of ALJ Dethloff's 2012 hearing decision.

18　　　　However, the application of the law of the case doctrine does not necessarily preclude

19　this Court from considering errors in ALJ Adams' 2019 hearing decision if the decision contains

20　errors not present in ALJ Dethloff's earlier decision.

21　　　　The Court notes that ALJ Adams adopted many of ALJ Dethloff's findings, reasoning

22　that this Court affirmed ALJ Dethloff's assessment of Plaintiff's non-severe impairments,

23　symptom testimony, the opinions of nurse practitioners Dana Tell and Betty Bennett, and a

24

statement from vocational analyst Daniel McKinney. AR 858, 861, 863-65. In so doing, ALJ Adams reasoned that this case was before the Social Security Administration on a stipulated remand from this Court to reconsider the VA's disability determination and to evaluate the results of Dr. Rezvani's examination. AR 855.

ALJ Adams erred in adopting these findings on the grounds that this Court affirmed ALJ Dethloff's earlier decision, given that ALJ Dethloff's decision was subsequently vacated following the Ninth Circuit's remand order. *See* AR 975. ALJ Adams erred in finding that this case involves a stipulated remand by the parties, rather an order from the Ninth Circuit.

However, given that the Ninth Circuit only found error as to ALJ Dethloff's evaluation of the VA's disability determination and Dr. Rezvani's examination, the Court could only conclude that ALJ Adams erred in adopting ALJ Dethloff's other findings if there was new evidence that could impact ALJ Adams' evaluation of the record. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (noting that harmless error principles apply in the Social Security context).

The record does contain new evidence not available to ALJ Dethloff prior to the initial 2012 hearing decision. However, all this evidence is from a period long after Plaintiff's date last insured, and cannot establish that Plaintiff was disabled during the period at issue. AR 1072-1337.

As such, the law of the case doctrine applies, and the Court will only consider ALJ Adams' evaluation of Dr. Rezvani's examination and the VA's disability determination.

**II. Whether the ALJ properly evaluated the results of Dr. Rezvani's examination.**

In its remand order, the Ninth Circuit found that ALJ Dethloff erred by not considering the results of an examination conducted by Dr. Rezvani. AR 942.

1 | Dr. Rezvani examined Plaintiff in January 2003. AR 553-55. Dr. Rezvani's physical examination revealed that Plaintiff had normal posture, but walked with a right sided limp. AR 553. Dr. Rezvani's examination also revealed radiation pain on movement, a positive straight leg raising test, and evidence of radiculopathy. AR 554. Dr. Rezvani stated that Plaintiff exhibited pain, weakness, incoordination, and a lack of endurance affecting range of motion in Plaintiff's lumbar spine. *Id.* Dr. Rezvani also summarized the results of an x-ray of Plaintiff's lumbar spine, observing that Plaintiff had variable mild to moderate degenerative disc disease, spondylosis, and facet arthropathy. *Id.*

The Ninth Circuit noted that Plaintiff walked with a limp and that Dr. Rezvani observed, in analyzing x-rays of Plaintiff's lumbar spine, that Plaintiff had mild to moderate degenerative disc disease. AR 553-54, 942. The Ninth Circuit contrasted this with the October 2002 assessment of Marc Suffis, M.D., who examined a June 2001 MRI of Plaintiff's lumbar spine and concluded that Plaintiff had only minimal degenerative disc disease at L1 and L2 with mild degenerative changes on the bilateral facet joints. AR 567, 942. The Ninth Circuit found that if ALJ Dethloff had considered Dr. Rezvani's findings, the ALJ might have come to a different conclusion concerning the limiting effects of Plaintiff's back impairment. AR 942, citing *Marsh v. Colvin*, 792 F.3d 1170, 1172-73 (9th Cir. 2015) (noting that an ALJ errs by ignoring a treating physician's treatment notes).

ALJ Adams assigned "little weight" to Dr. Rezvani's opinion, reasoning that: (1) Dr. Rezvani did not offer an opinion regarding Plaintiff's functional limitations, and it is questionable if Dr. Rezvani's evaluation constitutes a "medical opinion" under Social Security regulations; (2) Dr. Rezvani's observation that Plaintiff had a limp is inconsistent with the results of Plaintiff's lumbar MRI, which demonstrated no disc herniations or nerve root impingement;

(3) Plaintiff's limping is inconsistent with a physical examination conducted several months earlier, during which Plaintiff demonstrated a grossly intact gait; (4) Dr. Rezvani did not have the opportunity to review x-rays from 2006, which showed only mild degenerative changes in Plaintiff's lumbar spine; (5) Dr. Rezvani did not have the chance to examine Plaintiff's subsequent exercise stress test; (6) following Dr. Rezvani's evaluation, another physician gave Plaintiff medical approval to work as a dump truck driver; (7) based partly on Dr. Rezvani's evaluation, the VA assigned Plaintiff a 20 percent disability rating for his lumbar spine, which suggests only a "slight/mild" impairment; (8) Dr. Rezvani relied partly on Plaintiff's subjective allegations, which are not fully reliable; and (9) even if Plaintiff's limping during Dr. Rezvani's evaluation were representative of his general functioning, it would not render Plaintiff disabled since there are other sedentary jobs with an at will sit/stand option Plaintiff could perform at step five. AR 862-63.

With respect to ALJ Adams' first reason for discounting Dr. Rezvani's opinion, Social Security regulations define medical opinions as "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." *See* 20 C.F.R. § 404.1527(a)(1).

The results of Dr. Rezvani's examination constitute significant, probative evidence that the ALJ was obliged to consider in reaching a disability determination. *See Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (noting that an ALJ "may not reject 'significant probative evidence' without explanation.") (internal citations omitted). However, Dr. Rezvani did not offer an opinion concerning Plaintiff's functional limitations. Plaintiff concedes that Dr. Rezvani's evaluation does not contain an assessment of Plaintiff's work-related limitations, but contends

that it is the duty of the ALJ, not of examining physicians, to determine a claimant's ability to work. Dkt. 12, p. 6.

That the ALJ is responsible for determining Plaintiff's RFC is not in dispute. *See* 20 C.F.R. § 404.1527 ("Although we consider opinions from medical sources on issues such as . . . your residual functional capacity . . . , the final responsibility for deciding [this issue] is reserved to the Commissioner."). However, given that Dr. Rezvani did not provide an assessment of Plaintiff's functional limitations, it is questionable whether the results of his examination qualify as a "medical opinion" under Social Security regulations. Even if Dr. Rezvani's evaluation did qualify as a medical opinion, the fact that it does not contain an assessment of Plaintiff's functional limitations makes it far less useful to the ALJ in reaching a disability determination.

Thus, the Court cannot say that ALJ Adams erred in assigning little weight to Dr. Rezvani's evaluation on this basis.

ALJ Adams has offered additional specific, legitimate reasons for assigning little weight to the results of Dr. Rezvani's evaluation. However, even if the ALJ erred in citing these reasons, any error would be harmless since the ALJ has offered a specific, legitimate reason for discounting Dr. Rezvani's evaluation. *See Presley-Carrillo v. Berryhill*, 692 Fed. Appx. 941, 944-45 (9th Cir. 2017) (citing *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (although an ALJ erred on one reason he gave to discount a medical opinion, "this error was harmless because the ALJ gave a reason supported by the record" to discount the opinion).

**III. Whether the ALJ properly evaluated a disability rating from the Veteran's Administration.**

Plaintiff maintains that ALJ Adams improperly evaluated a disability rating decision from the VA. Dkt. 12, pp. 12-13.

Social Security regulations provide that decisions by other governmental agencies such as the VA concerning disability are not binding on the Social Security Administration. 20 C.F.R. § 404.1504. Nevertheless, the Ninth Circuit has held that an ALJ must ordinarily give great weight to a VA determination of disability given the "marked similarity between these two federal programs." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (internal citations omitted) (noting various similarities between the programs); *see also Berry v. Astrue*, 622 F.3d 1228, 1236 (9th Cir. 2010); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694-95 (9th Cir. 2009). However, "[b]ecause the VA and SSA criteria for determining disability are not identical," the ALJ "may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." *McCartey*, 298 F.3d at 1076 (citing *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001).

On February 21, 2003, the VA assigned Plaintiff a 20 percent disability rating due his lumbar degenerative disc disease. AR 840, 842. The VA also found that Plaintiff had a variety of other service-connected musculoskeletal impairments, and assigned Plaintiff a 10 percent disability rating for each of these impairments, along with a 10 percent rating for asthmatic bronchitis. AR 841, 843-45. The VA later assigned Plaintiff a 10 percent disability rating for his tinnitus, giving Plaintiff an overall disability rating of 70 percent. AR 831, 833-34. The VA found that effective February 2, 2004, Plaintiff was entitled to a finding of individual unemployability because he was unable to secure or follow a substantially gainful occupation due to his service-connected disabilities. AR 834-35.

In a letter dated July 27, 2010, the VA stated that Plaintiff had service-connected disabilities evaluated at 70 percent, and was being awarded benefits at the 100 percent rate. AR

1  140. In a letter dated September 13, 2010, the VA stated that Plaintiff had a service-connected

2  disability rating of 100 percent since February 1, 2004. AR 184.

3  In the 2012 hearing decision, ALJ Dethloff assigned "little weight" to the VA's rating

4  decision, reasoning that: (1) the VA disability rating provided little insight into Plaintiff's ability

5  to perform work related activities for purposes of determining disability under Social Security

6  regulations; (2) the VA disability determination was partly based on impairments that Plaintiff

7  did not mention during the hearing; and (3) the VA increased Plaintiff's disability rating to 100

8  percent without providing a rationale for the increase. AR 29-30.

9  The Ninth Circuit found that ALJ Dethloff did not provide persuasive, specific, valid

10 reasons for discounting the VA disability rating. AR 941.

11 In the 2019 hearing decision, ALJ Adams again rejected the VA's disability rating,

12 reasoning that: (1) the VA only assigned Plaintiff a 20 percent disability rating based on his

13 lumbar spine impairment; (2) the VA's 100 percent disability rating relied on a combination of

14 impairments, some of which the ALJ found non-severe at step two of the sequential evaluation;

15 and (3) the VA and the Social Security Administration have different rules and regulations for

16 determining disability. AR 863.

17 With respect to the ALJ's first and second reasons, Defendant cites case law suggesting

18 that a 30 percent VA disability rating is consistent with a finding of non-disability under Social

19 Security regulations. Dkt. 13, p. 5; citing *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1225

20 (9th Cir. 2010).

21 However, in this case, the VA assigned Plaintiff a 70 percent service-connected disability

22 rating, which was subsequently increased to 100 percent as of February 1, 2004. AR 140, 184.

23 The fact that this rating was based on a combination of impairments, some of which the ALJ

24

subsequently found non-severe, cannot serve as a persuasive, specific, valid reason for discounting the VA disability rating. First, Defendant concedes that this was not a sufficient reason for rejecting the VA's disability rating. Dkt. 13, p. 9.

Second, the Court notes that the VA's disability rating, which was based on a finding that Plaintiff had a 10 percent, or in some cases zero percent, disability rating based on a series of impairments, is not inconsistent with the ALJ's finding that many of these impairments were "non-severe" as that term is defined by Social Security regulations. *See* AR 837-39, 857-58; *see also* 20 C.F.R. § 404.1520(c) (An impairment is not considered to be "severe" if it does not "significantly limit" a claimant's mental or physical abilities to do basic work activities).

As such, the only significant difference between the ALJ's findings and those of the VA is that the VA found Plaintiff disabled while the ALJ did not. While this can be explained in part by the difference between SSA and VA regulations, given that the Ninth Circuit has noted the "marked similarity" between the two programs, the difference between them cannot, by itself, constitute a persuasive, specific, valid reason for rejecting a 100 percent disability rating from the VA. *See McCartey*, 298 F.3d at 1076.

As for the ALJ's third reason, the Ninth Circuit found that ALJ Dethloff erred in citing the difference between VA and Social Security regulations as a reason for discounting the VA's disability rating. AR 941; citing *Berry v. Astrue*, 622. F.3d 1228, 1246 (9th Cir. 2010). ALJ Adams also erred by citing this as reason for discounting the VA rating.

Accordingly, the ALJ has not provided persuasive, specific, valid reasons for discounting the VA's 100 percent disability rating.

## IV. Remedy.

Plaintiff argues that the ALJ erred and that this case should be remanded for an award of benefits. Dkt. 12, pp. 18-19. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1992). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

In its 2017 order, the Ninth Circuit found that even crediting as true the results of Dr. Rezvani's examination and the VA's disability rating, the ALJ would still not be required to find Plaintiff disabled. AR 942-43.

Even if Ninth Circuit's requirements for awarding benefits were met, the Court retains "flexibility" in determining the appropriate remedy. *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir.2014). The court may remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* The Court considered the length of time Plaintiff has been waiting for a final disposition. *See Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Plaintiff filed his

application for disability insurance benefits in in 2010 and has been waiting nearly 10 years for a final decision on his claim. AR 124-30.

The Court cannot say that the ALJ would be required to find Plaintiff disabled if the VA's disability rating were credited as true. Nor can the Court find that a finding of disability is supported by substantial evidence based on the existing record. Accordingly, remand for further administrative proceedings is the appropriate remedy.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 24th day of January, 2020.

David W. Christel
United States Magistrate Judge